**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 9 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZHEN WANG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-72784

Agency No. A089-999-198

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 12, 2019
Pasadena, California

Before:  WARDLAW, BERZON, and BADE, Circuit Judges.

Petitioner Zhen Wang seeks review of the Board of Immigration Appeals's

("BIA") decision to affirm the immigration judge's ("IJ") denial of his request for

asylum, withholding of removal, and protection under the Convention Against

Torture.  We grant his petition and remand for further proceedings.

"Where the BIA conducts its own review of the evidence and law, rather

than adopting the IJ's decision, [this court's] review is limited to the BIA's

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

decision, except to the extent the IJ's opinion is expressly adopted." *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019) (per curiam) (internal quotations and citations omitted). "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). We examine the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted).

1. The BIA affirmed the IJ's adverse credibility determination based on two inconsistencies. Substantial evidence does not support either inconsistency as a ground for an adverse credibility determination.

First, the BIA explained that Wang "stated in his testimony and asylum application that he lived at #7 YunxhiaLi in Tianjin, from the time he was born in December 1980" but "the household registry submitted by the respondent indicates that his parents moved to that address in 1983 and that the respondent moved there in 1997." The IJ's question to Wang about the household registry – "Why does the household registry say otherwise?" – did not specify what the registry indicated or how it contradicted Wang's testimony. Wang's response, "[t]hat's the address," indicates that he thought the IJ asked why the household registry had a different address, not why it showed a different time period, than his application. That interpretation of the IJ's question was entirely understandable, as the IJ's preceding

2

recitation of what was in the application included the address. As there were no follow-up questions, Wang was not given an adequate opportunity to explain the apparent date discrepancy, and the BIA should not have relied on it. *See, e.g., Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir. 2004) (stating that the IJ's failure to further question an applicant resulted in the court speculating whether the applicant did not understand the question and whether there was an explanation for the inconsistency). *See also Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("[A]n IJ cannot base an adverse credibility determination on a contradiction that the alien could reconcile if given a chance to do so."). Wang might have had a persuasive explanation had the date discrepancy been distinctly identified, as it would be unusual for a child to live in a different place than his parents throughout his childhood.

Second, the BIA relied on an inconsistency in Wang's account of when his father was arrested. At Wang's 2014 merits hearing, the IJ asked Wang for the date of his father's arrest, and Wang replied that he was not sure. After further questioning, Wang eventually agreed with the suggestion on cross-examination that "it had to have occurred either in November or December of 2008, is that right?," and subsequently also said "yes" to the question whether he was certain of the timing. But when the government then asked Wang to explain the discrepancy between that date and Wang's August 16, 2009 supplementary statement – that his

3

father was detained "one week ago" – Wang stated that, "[b]ecause [his father's arrest] happened a long time ago, [he] did not remember clearly." In sum, the conclusion in the record regarding when Wang's father was arrested was not an <u>unexplained</u> inconsistency.

The BIA could, of course, have rejected Wang's explanation if it was reasonable to do so. *See, e.g., Yan Liu v. Holder*, 640 F.3d 918, 926 (rejecting improbable or inadequate explanations for discrepancies). But the IJ did not address Wang's explanation for the date discrepancy at all, stating that Wang was "unable to reconcile the two completely different time frames in his application." And the reason the BIA gave for rejecting Wang's explanation was his "relative certainty in his prior testimony regarding the date of the arrest." So neither the IJ nor the BIA ever specifically address Wang's initial and ultimate explanation – that he could not remember exactly when his father was arrested. *See Rizk*, 629 F.3d at 1088 (if an applicant "offers a 'reasonable and plausible explanation' for [an] apparent discrepancy, the IJ must provide a specific and cogent reason for rejecting it." (citation omitted)). The BIA therefore should not have relied on this inconsistency in affirming the IJ's adverse credibility determination.

2. The government argues that the BIA relied on Wang's failure to corroborate his claim as an alternative ground for denial. But, the BIA decision clearly states that Wang's corroborating evidence was insufficient to meet his

4

burden "independent of his own *non-credible* testimony." Because we have concluded that the BIA's adverse credibility determination was not supported by substantial evidence, the case must be remanded to allow the BIA to reassess whether Wang's testimony met his burden of proof. If the BIA determines that Wang's credible testimony is insufficient alone, it must then assess whether the corroborating evidence Wang provided, along with Wang's explanations for why he could not obtain supplemental documentation, is enough to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Ren*, 648 F.3d at 1090. If so, the BIA will then have to reach the IJ's alternative grounds for denying Wang's applications for relief.

The petition for review is **GRANTED** and the case is **REMANDED** to the BIA for further proceedings.